# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIPSBURG ROD AND GUN CLUB, | No. 4:18-CV-0566 |
| Plaintiff, | (Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, CHRISTOPHER REESE, JOHN NORBECK, JOHN HALLAS. | |
| Defendants. | |

## MEMORANDUM OPINION

MAY 8, 2018

## I. BACKGROUND

On March 7, 2018, Plaintiff, Phillipsburg Rod and Gun Club (hereinafter "the Club"), filed a four-count complaint against, at that point in time, one Defendant, the Commonwealth of Pennsylvania (hereinafter "Pennsylvania" or "the state") in the Court of Common Pleas of Centre County. The state removed the action to this Court on March 9, 2018.[1] Contemporaneously, the Club filed a motion for emergency preliminary injunction.[2] A hearing was thereafter scheduled for April 6, 2018, pursuant to Federal Rule of Civil Procedure 65(a).

---

[1] ECF No. 1.

[2] ECF No. 2.

On March 30, 2018, the state filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). On April 4, 2018, this Court, *sua sponte* ordered briefing from both parties on jurisdictional concerns regarding the first complaint. Concordantly, Plaintiff requested the hearing be continued, and filed a motion for a temporary restraining order; I granted both requests.

Plaintiff filed an amended complaint on April 23, 2018[3], adding two counts and three defendants, John Norbeck, John Hallas, and Christopher Reese (collectively "the individual Defendants.") The amended complaint cured some of the jurisdictional defects; it did not cure all.

Accordingly, I ordered further briefing from both parties as to whether this Court has jurisdiction over the breach of contract claim asserted against the state and the associated motion for preliminary injunction. A hearing and oral argument on the jurisdictional issue was held on May 3, 2018.

For the reasons that follow, the breach of contract claim is severed from this action with leave to refile it before the Commonwealth of Pennsylvania's Board of Claims; the motion for emergency preliminary injunction is denied with leave to refile in the Board of Claims; and Defendant Commonwealth of Pennsylvania dismissed from what remains of this action.

---

[3] April 23, 2018, ECF No. 19.

## II. DISCUSSION

The Club asserts that the individual Defendants violated its First Amendment right to freedom of association (Count I); its Fourteenth Amendment right to equal protection (Count II); its Fourteenth Amendment right to substantive due process (Count III); its Second Amendment right to keep and bear arms (Count IV); and did so as a conspiracy (Count V). The Club further asserts that the state breached a contract (Count IV).

The Phillipsburg Rod and Gun Club is a non-profit organization that has operated since 1909 as a trap-shooting range[4] in Black Moshannon State Park located near Phillipsburg, Centre County, Pennsylvania. Although the state is a named Defendant, the state agencies at issue here are the Pennsylvania Department of Conservation and Natural Resources (hereinafter "DCNR") and the Department of Environmental Protection (hereinafter "DEP").

The Club has leased property continuously from the DCNR for the past sixty years. However, on November 21, 2017, the DCNR notified the Club that it was terminating the current lease as a result of a breach and ordering it to vacate the premises. Subsequently, on January 23, 2018, DCNR notified the Club that its

---

[4] Trap shooting is where clay targets are launched from a machine and shot with a twelve gauge shotgun.

lease was terminated as a result of the breach and that it was to vacate the premises no later than April 24, 2018.[5]

As discussed above, I have entered two Orders[6] asking the parties to address which tribunal has jurisdiction over the Club's breach of contract claim against the state and the concomitant motion for preliminary injunction. After carefully considering both the parties written and oral advocacy, I have determined that the Board of Claims has jurisdiction over this severable portion of the dispute.

The Board of Claims was created on October 5, 1978, and supersedes the former Board of Arbitration of Claims. The jurisdiction of the Board of Claims is set forth in the Pennsylvania Procurement Code, 62 Pa.C.S.A. § 1724, which provides:

> (a) Exclusive jurisdiction.--The board shall have exclusive jurisdiction to arbitrate claims arising from all of the following:
>
> > (1) A contract entered into by a Commonwealth agency in accordance with this part and filed with the board in accordance with section 1712.1 (relating to contract controversies).
> > (2) A written agreement executed by a Commonwealth agency and the Office of Attorney General in which the parties expressly agree to utilize the board to arbitrate disputes arising from the agreement.
> > (3) Unless otherwise provided by law, a contract entered into by a Commonwealth agency involving real property interests in which the Commonwealth agency is the respondent.

---

[5] As noted above, this date was extended by this Court's Order grating the Club's motion for temporary restraining order.

[6] ECF Nos. 16 and 21.

(b) Concurrent jurisdiction.--The board shall have concurrent jurisdiction to arbitrate claims arising from all of the following:

> (1) A contract entered into by a Commonwealth agency in accordance with this part in which the Commonwealth agency is the claimant.
> (2) Unless otherwise provided by law, a contract entered into by a Commonwealth agency involving real property interests in which the Commonwealth agency is the claimant.

(c) Limitations.--The board shall have no power and exercise no jurisdiction over a claim asserted under subsection (a)(1) unless it is filed with the board in accordance with section 1712.1. The board shall have no power and exercise no jurisdiction over a claim asserted against a Commonwealth agency under subsection (a)(2) or (3) unless the claim was filed with the board within six months after it accrued. The board shall have no power and exercise no jurisdiction over claims for payment or damages to providers of medical assistance services arising out of the operation of the medical assistance program established by the act of June 13, 1967 (P.L. 31, No. 21),1 known as the Public Welfare Code.

(d) Nonmonetary relief.--Nothing in this section shall preclude a party from seeking nonmonetary relief in another forum as provided by law.

Since its creation, the Board of Claims' exclusive jurisdiction has apparently created confusion with litigants, as it has here. Chief Justice Thomas G. Saylor, writing for the Pennsylvania Supreme Court in the matter of *Scientific Games International, Inc. v. Commonwealth of Pennsylvania,* explained that "the Procurement Code 'reaffirms sovereign immunity,' prescribing, with limited exceptions, that 'no provision of this part shall constitute a waiver of sovereign

immunity.'"[7] The Chief Justice continued, "The 2002 amendments to the Procurement Code also reconstituted the Board of Claims, and reposited 'exclusive jurisdiction' in that tribunal to arbitrate claims arising from contracts entered into by Commonwealth agencies in accordance with the Procurement Code."[8]

The Club argues that pursuant to § 1724(d), cited above, and because it is not seeking monetary relief on its breach of contract claim, it may proceed in this forum. I respectfully disagree.

First, Plaintiff's amended complaint,[9] belies the contention set forth in Plaintiff's brief. The breach of contract claim explicitly demands monetary relief. Because Plaintiff's written advocacy seems at odds with the demands set forth in the amended complaint, this Count is copied herein in its entirety:

COUNT VI:
PLAINTIFF V. DEFENDANT COMMONWEALTH OF PENNSYLVANIA

VIOLATION OF PLAINTIFF'S PENNSYLVANIA COMMON LAW RIGHTS

BREACH OF CONTRACT

> 110. Plaintiff incorporates by reference Paragraphs 1 through 109 as though fully set forth at length herein.

---

[7] 620 Pa. 175, 181 (2013) *citing* § 1702(a); *see also* 1 Pa.C.S. § 2310 ("The Commonwealth ... shall continue to enjoy sovereign immunity ... and remain immune from suit except as the General Assembly shall specifically waive the immunity.").

[8] *Id.*

[9] April 23, 2018, ECF No. 19.

111. A binding contract was created between the Plaintiff and DCNR when a valid lease was executed by both parties on or about July 22, 2011.

112. Plaintiff is not in breach of the lease agreement, as described more fully hereinbefore above.

113. Defendant Commonwealth of Pennsylvania breached the lease agreement when it failed to approve or disapprove Plaintiff's lead removal proposals; when it undertook, unilaterally, treecutting activities on Plaintiff's leasehold and asserted the right to undertake a "clean-up;" when it prohibited Plaintiff's use of its range during such impermissible activities; and when it terminated Plaintiff's leasehold without cause on or about January 23, 2018.

114. As a direct and proximate result of the Defendant's actions, Plaintiff suffered the following injuries and damages:

> a. violation of Plaintiff's rights under Pennsylvania Common Law;
>
> b. Economic damages related to any and all loss of business; and
>
> c. other serious injuries and damages which may become apparent throughout this litigation.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages, as may be appropriate; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.[10]

Plaintiff's argument that it is making a non-monetary demand fails for a second reason as well. Chief Justice Saylor also made it patently clear in *Scientific*

---

[10] *Id.* at pages 20-21/

*Games International, Inc., supra,* that "nonmonetary claims against the Commonwealth are cognizable only to the extent they fall within some 'specific' waiver or exception to immunity."[11] "No such waiver or exception is found in Section 1724(d) of the Procurement Code…"[12] This is because "Section 1724(d) does not itself establish any substantive or jurisdictional basis for a claim."[13] "Along these lines, and at least in the absence of some other words evincing a wider application, a prescription commencing with the phrase 'nothing in this section shall preclude'—e.g., Section 1724 (d)—cannot be read to establish a basis for judicial review or relief broader than that which is contained in the provisions of law which are to be left un-precluded (here, those provisions of law which may independently sanction claims for relief against the sovereign)."[14] "From this, and since Section 1724(d) also does not itself contain any waiver of sovereign immunity, it follows that such a waiver must be found in (or specifically be associated with) the other, un-precluded provisions of law."[15] "Furthermore, by its own terms, section 1724(d) only operates as a constraint on the effect of 'this section,' i.e., Section 1724, and, therefore, has no effect on the scope of sovereign immunity as reaffirmed in a different section of the Procurement Code, i.e.,

---

[11] *Sc. Games Int'l, Inc, supra* at 202.

[12] *Id.*

[13] *Id.* at 198.

[14] *Id.*

[15] *Id.*

Section 1702."[16]  "This is entirely consonant with the understanding that the legislative purpose was to implement such waiver relative to denominated proceedings in the Board of Claims, not other tribunals."[17]

The Club also advances the argument that Section 1724(d) should be interpreted such that the Board of Claims does not have jurisdiction over injunctive relief.  However, this argument has repeatedly failed.  Litigants have attempted to circumvent the Board's jurisdiction almost from its inception.  Five years after the Board was created, the Pennsylvania Supreme Court stated in *XPress Truck Lines, Inc. v. Pennsylvania Liquor Control Board*:  "We have consistently held that the Commonwealth Court may not intervene in contractual disputes involving the Commonwealth by providing injunctive relief against a breach of contract."[18] "These decisions are founded on the legislature's delegation of exclusive jurisdiction to hear contractual matters involving the Commonwealth to the Board of Claims, and the nature of that statute as a limited waiver of sovereign immunity."[19]  "Moreover, specific performance generally is not an appropriate remedy for breach of contract by a public body."[20]  The Pennsylvania Supreme "Court has held that specific performance is available only when there is no

---

[16] *Id.*

[17] *Id.* at 199.

[18] 503 Pa. 399, 407 (1983).

[19] *Id.* at 408.

[20] *Id.*

adequate remedy at law, i.e., when there is no method by which damages can be accurately computed or ascertained."[21]

More recently, in *New Foundations, Inc. v. Commonwealth Department of General Services*,[22] the plaintiff attempted to argue that the Board of Claims did not have jurisdiction over a request for injunctive relief in a real estate contract dispute with a state agency. The Commonwealth Court explained:

> New Foundations' claim is against a Commonwealth agency—DGS—and involves real estate. Accordingly, the claim is one that does invoke the Board's jurisdiction. However, New Foundations, relying upon the highlighted phrase "unless otherwise provided by law," argues that another law is applicable in this case and provides for jurisdiction with a tribunal other than the Board.
> *****
> First, Section 1724(a) of the Code provides that the Board has exclusive jurisdiction unless another law provides otherwise…We believe that although Section 1724 recognizes that the legislature could elect to vest another tribunal with jurisdiction, we must interpret it to mean that any such other law must specifically vest jurisdiction in another tribunal.
> *****
> In *Vespaziani v. Dept. of Revenue*, 40 Pa.Cmwlth. 54, 396 A.2d 489 (1979), this Court concluded that the Board of Claims has jurisdiction over all contractual claims, regardless of the relief requested or the ability of the Board to grant the requested relief, and we find no suggestion that the holding in *Vespaziani* has been modified by later caselaw or statutory changes.[23]

---

[21] *Id.*

[22] 893 A.2d 826, 829 (Pa. Commw. Ct. 2005).

[23] *Id.* at 829-30.

Finally, the Club argues that its constitutional claims link the contract claim into a single litigation before the undersigned. This bootstrapping argument, has also been rejected by the Pennsylvania courts. In *Texas Keystone Inc. v. Pennsylvania Dep't of Conservation & Nat. Res.*,[24] the plaintiff was engaged in the business of oil and gas exploration. Defendant agency was the DCNR, the agency charged with the management and use of state-owned forest lands, including the leasing of such land for the exploration and production of oil and natural gas.[25] "In this capacity, DCNR has leased out in excess of 100,000 acres of land located in and around Sproul State Forest in Clinton and Centre Counties."[26]

Judge Mary Hanna Leavitt, writing for the Commonwealth Court, distilled the issue, stating, "although stated as constitutional claims" under 42 U.S.C. § 1983, Texas Keystone Inc.'s claims "are contractual in nature."[27] Judge Leavitt continued, "these claims belong to the Board of Claims."[28] "It is beyond peradventure that a lease is in the nature of a contract and is controlled by principles of contract law."[29] She explained that the Board of Claims has "exclusive jurisdiction" to "hear and determine virtually all contract claims against

---

[24] 851 A.2d 228, 230–31 (Pa. Commw. Ct. 2004).

[25] *See id.*

[26] *Id.*

[27] *Id.* at 236.

[28] *Id.*

[29] *Id., see also Ezy Parks v. Larson*, 499 Pa. 615, 626, 454 A.2d 928, 934 (1982).

the Commonwealth."[30] Moreover, "the exclusive statutory remedy for a breach of lease is for monetary damages in the Board of Claims and that such remedy is constitutionally adequate."[31] "Since [Texas Keystone Inc.] is effectively instituting a claim against the Commonwealth seeking the enforcement of rights that were created (and assigned) by contract, the Board of Claims is the proper forum to adjudicate these claims."[32]

Although I conclude that the Court lacks jurisdiction over the breach of contract claim against the state, the remaining counts, all constitutional claims brought pursuant to 42 U.S.C. § 1983, are properly brought before this Court. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[33] Federal Rule of Civil Procedure 42 provides severance discretion to the trial judge. "In using such discretion the court should examine 'the potential for confusion, delay, prejudice or additional expense resulting from the grant or denial of the motion and if there is a large number of dissimilar or complex issues, if the trial of one issue is likely to be much shorter than the others or if a determination of the issues in the first trial may

---

[30] *Id.*

[31] *Id.* at 237.

[32] *Id.* at 237-8.

[33] 28 U.S.C.A. § 1331.

eliminate the need for a second trial."[34] As such, I find that the breach of contract claim and its attendant motion for preliminary injunction are severable from constitutional claims.

## III. CONCLUSION

For all of the foregoing reasons, the breach of contract claim is severed from this action with leave to refile it in the Commonwealth of Pennsylvania's Board of Claims. The motion for emergency preliminary injunction is denied with leave to refile in the Board of Claims. The Defendant Commonwealth of Pennsylvania is dismissed from this case.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[34] *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 660 (D. Del. 1990) (internal citations and quotations omitted).